# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK MANUEL ABILA,<br><br>Defendant. | Case No. 05-cr-0219 BLF (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 8/23/2024 |

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on August 23, 2024, held a hearing to determine detention or release on supervisory conditions for defendant Abila. Abila is charged in this case with violating the terms of his supervised release, arising from an underlying conviction and sentence for manufacturing and possessing counterfeit U.S. currency. ECF 20 (Judgment). The defendant appeared at the hearing with AFPD Dejan Gantar, with all parties and counsel (AUSA Anne Hsieh) appearing personally before the Court. U.S. Probation Officer Gina Muzio was present and argued in favor of detaining the defendant at least until such time as an in-custody mental health assessment is completed. Abila, through his counsel, argued for release to reside

with his girlfriend as a possible custodian/surety in San Francisco, or in the alternative, to a halfway house, with out-of-custody mental health assessment. The proposed custodian/surety was not present and has not been interviewed by Probation.

Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged with violation of supervised release has the burden of establishing by "clear and convincing evidence" that he or she will not flee or pose a danger to any other person or to the community. Here, Abila did not establish evidence to overcome this burden. On the present record, the Court concludes that no combination of conditions may presently be imposed that would mitigate the risks of non-appearance and danger to the community. Consequently, the Court orders the defendant Abila to be detained. The factors that establish risk of non-appearance and dangerousness: (1) weight and seriousness of the evidence in the new charges; (2) criminal record; (3) need for mental health assessment; and (4) no presently qualified surety or custodian. The Court ordered an in-custody mental health assessment, at the direction of U.S. Probation. A further status hearing is scheduled before me August 30, 2024, and Judge Freeman on October 8, 2024, at 9:00 a.m. in San Jose. I will consider any additional information presented on the issue of detention or release.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: August 23, 2024

_____
Nathanael M. Cousins
United States Magistrate Judge