UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK MANUEL ABILA,<br><br>Defendant. | Case No.  05-cr-00219-BLF-1   (VKD)<br><br>**ORDER OF DETENTION PENDING REVOCATION HEARING** |

On June 3, 2026, defendant Frank Manuel Abila appeared in custody for an initial appearance on an amended petition for warrant for person under supervision dated January 6, 2025 (Dkt. No. 77).  The United States moved for detention pending a hearing before the district judge regarding revocation of Mr. Abila's supervised release.  Mr. Abila sought release on the condition that he be ordered to return to the Salvation Army Harbor Lights residential treatment center, with an additional condition, if warranted, requiring him to submit to location monitoring.  The Probation Officer recommended detention.  The Court held a detention hearing.

As Mr. Abila is serving a term of supervised release following conviction, he must be detained pending a revocation hearing, unless the Court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1).  Mr. Abila bears the burden of demonstrating that he is not likely to flee or pose a danger to any other person or to the community.  Fed. R. Crim. P. 46(d); *see United States v. Loya,* 23 F.3d 1529 (9th Cir. 1994).

The Court has considered the proffers and arguments of counsel for Mr. Abila and counsel for the United States at the hearing, and the verbal recommendation of the Probation Officer, as

United States District Court
Northern District of California

well as the matters alleged in the petition. *See* Dkt. Nos. 2, 7.  The Court has also considered the factors set forth in 18 U.S.C. § 3142(g).  Mr. Abila's principal argument is that whatever danger may be suggested by the conduct charged in the petition, such danger can be mitigated by appropriate conditions of release.  Specifically, Mr. Abila argues that he has a history of mental health issues but that he successfully participated in the Salvation Army residential treatment program for approximately three months before leaving the program.  He believes that a further period of residential treatment at the same facility will help ensure that he does not pose a danger to others or the community.  He further notes that he has had no new arrests or convictions since he left the program in December 2024.  He argues that any concerns about his appearance for court as required can be addressed by location monitoring.  In response, the United States observes that the conduct charged in charge 3 of the amended petition reflects serious risks to the safety of others and the community, and it argues that given Mr. Abila's apparent decision to leave the residential treatment program without permission in December 2024, there can be no reasonable assurance that he will not simply abscond from the program again.  Neither the parties nor the Probation Officer were able to provide any information to the Court regarding the circumstances relating to Mr. Abila's departure from the Salvation Army residential treatment program, or whether that program would accept him if he were ordered back.

On this record, the Court finds that Mr. Abila has not established by clear and convincing evidence that he will not pose a danger to another person or to the community if released, even if the Court set strict conditions of release, and he has not shown that a suitable treatment program is even willing to accept him.  Further, Mr. Abila has not established by clear and convincing evidence that he will appear for court as required, although he may be able to make this showing if he is also able to demonstrate that there is a suitable residential treatment program or stable residence available that will permit his Probation Officer to monitor his location.  Accordingly, the Court orders Mr. Abila detained pending a revocation hearing to be conducted pursuant to Fed. R. Crim. P. 32.1(b)(2).

Mr. Abila is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

2

persons awaiting or serving sentences or being held in custody pending appeal.  Mr. Abila shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the United States, the person in charge of the corrections facility shall deliver Mr. Abila to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: June 3, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California